IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATHAN JENSEN,

    Movant,

v.                                                               No. CV 20-01107 WJ/GJF
                                                                (No. CR 16-02694 WJ)

UNITED STATES OF AMERICA,

    Respondent.

## SECOND ORDER TO SHOW CAUSE

THIS MATTER is before the Court on the Motion for Production of Documents Necessary for Habeas Petition filed by Movant, Nathan Jensen, on October 26, 2020 (CV Doc. 1; CR Doc. 106) ("Motion"), the Order pursuant to *Castro v. United States* entered by the Court on October 29, 2020 (Doc. 2), and the Order to Show Cause entered by the Court on November 13, 2020 (Doc. 4). Movant Jensen's Motion states that he has "filed a second and successive § 2255 for relief under Rehaif." (CV Doc. 1 at 1; CR Doc. 106 at 1). However, the Court docket in CR 16-02694 does not show that Movant Jensen has ever filed a first § 2255 motion challenging his conviction and sentence in CR 16-02694. Therefore, the Court notified Movant Jensen that it is considering recharacterizing Jensen's Motion for Production of Documents as a first 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.

Pursuant to *Castro v. United States,* 540 U.S. 375 (2003), when

> a court recharacterizes a pro se litigant's motion as a first § 2255 motion . . .the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restriction on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

1

*Id.* at 383. In its October 29, 2020 Order (Doc. 2), the Court notified Jensen that it intends to recharacterize his Motion as a first § 2255 motion and afford him an opportunity to withdraw the motion or to amend it to add additional claims he may have. *See* Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts (providing that a motion to vacate, set aside, or correct sentence must: "(1) specify *all grounds* for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." (emphasis added)). The Court informed Jensen that, if he fails to timely amend or withdraw his Motion, then Jensen's Motion may be recharacterized and any subsequent § 2255 motions will be subject to the restriction on "second or successive" motions in 28 U.S.C. §§ 2244 and 2255(h). (Doc. 2).

Jensen did not respond to the October 29, 2020 Order. Instead, the copy of the Order mailed to Jensen was returned as undeliverable. (Doc. 3). Therefore, on November 13, 2020, the Court issued an Order to Show Cause why the case should not be dismissed based on Jensen's failure to keep the Court advised of his address. (Doc. 4). The Court's research indicated that Jensen had been transferred from USP Victorville to USP Thomson, so the Court directed that its Order to Show Cause be sent to both addresses. (Doc. 4). Additional mail to Jensen was returned as undeliverable (Doc. 5, 6), and Jensen did not respond to the Order to Show Cause within the 30-day time limit set by the Court.

On January 4, 2021, Jensen then filed an untimely response to the Court's Order to Show Cause. (Doc. 7). In his January 4, 2021 response, Jensen claims he sent an earlier response from the Victorville facility and has not received confirmation from the Court that it received the earlier response. He also indicates that he is not clear on what proceeding the Court is talking about

2

because he has been at the mercy of BOP transfers and has not received his personal papers. (Doc. 7). Although not entirely clear from his response, Jensen appears to be incarcerated at the Thomson facility. (Doc. 7).

Jensen has failed to respond to the Court's October 29, 2020 Order, has failed to keep the Court advised as to changes in his address, and has failed to timely and fully address the Court's November 13, 2020 Order to Show Cause. The Court will direct the Clerk to mail to Movant Jensen copies of the Court's October 29, 2020 and November 13, 2020 Orders together with a copy of this Order. The Court will also order Movant Jensen to respond to the October 29, 2020 and November 13, 2020 Orders within 30 days of entry of this Order. If Jensen fails to timely respond to the Court's Orders, this case may be dismissed without further notice.

**IT IS ORDERED**

**(1)** the Clerk is **DIRECTED** to mail to Movant Jensen at USP Thomson, United States Penitentiary, P.O. Box 1002, Thomson, IL 61285 a copy of the Court's October 29, 2020 Order (Doc. 2) and a copy of the Court's November 13, 2020 Order (Doc. 4) together with a copy of this Order; and

**(2)** Movant Nathan Jensen, is directed to respond to respond to the Court's October 29, 2020 and November 13, 2020 Orders (Doc. 2, 4) within ninety (30) days of the entry of this Order.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE