UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

NATHAN JENSEN,

    Petitioner,

v.                                                 Civ. No. 20-1107 WJ-GJF
                                                 Cr. No. 16-2694 WJ-GJF

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Nathan Jensen's 28 U.S.C. § 2255 Motion to Vacate Under 28 U.S.C. 2255 [CR ECF 106; CV ECF 1][1] ("Motion"). Jensen asks the Court to vacate his federal convictions based on new Supreme Court law. Having reviewed the record and applicable authority, the Court will order Jensen to show cause why his § 2255 claims should not be dismissed as untimely.

## I. BACKGROUND

In 2017, Jensen pled guilty to possessing a firearm and ammunition as a felon. CR ECF 41; *accord* 18 U.S.C. §§ 922(g)(1), 924(a)(2)). Judge Johnson sentenced him to 180 months' imprisonment. [CR ECF 100]. Judgment was entered on March 13, 2018. *Id.* Jensen did not appeal, in accordance with the waiver in the plea agreement.

On October 26, 2020, Jensen filed a Motion for Production of Documents Necessary for Habeas Petition [CR ECF 105]. The Court notified Jensen that the Motion will be characterized as his first habeas petition under 28 U.S.C. § 2255 unless he withdrew it. [CV ECF 2]. Jensen

---

[1] Docket citations referring to Defendant's criminal case, CR 16-2694 WJ/GJF, will use "CR" before "ECF." Likewise, citations to his civil case, CV 20-1107 WJ/GJF, will use "CV" before "ECF."

was permitted to amend his pleading to include additional grounds under § 2255. The Order provided instructions on the pleading requirements under § 2255 and Habeas Corpus Rule 2. Although the Order initially returned as undeliverable, the Clerk's Office successfully mailed the document on January 8, 2021. Thereafter, Jensen filed several responses consenting to recharacterization of the Motion under § 2255, provided it is treated as his first § 2255 claim. [CV ECFs 10, 12, 14].

In the Motion, Jensen appears to challenge his conviction under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). But in a later response, Jensen appears to seek relief under *United States v. Davis*, 139 S. Ct. 2319 (2019). [CV ECF 14]. Noting that there are no prior habeas filings in the record and that the Motion is not second/successive, the Court therefore construes the Motion as supplemented to challenge Jensen's conviction under *Rehaif* and *Davis*.[2] The Motion is ready for review under Habeas Corpus Rule 4. The Court will address the one-year habeas limitation period and whether *Rehaif* or *Davis* can save an otherwise untimely claim.

## II. DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2255 claims. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the motion is not dismissed, the judge must order the United States Attorney to file an answer...." *Id.* As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the

---

[2] Jensen is a defendant in other federal criminal cases, but those cases have not yet concluded. Cr. No. 17-2566 lists Jensen's name and also "Waldo Nahle," an alias, and Cr. No. 16-3304 appears to refer to Jensen as Natas Nahum Angel Sandoval or Waldo Nahum Nahle. Because the filings in this habeas matter list the criminal case associated with Jensen's felon in possession charge, CR No. 16-2694 WJ/GJF, the Court limits its review to the conviction in that case.

timeliness of a … habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Section 2255 motions must generally be filed within one year after the conviction becomes final. *See* 28 U.S.C. § 2255(f). The one-year limitation period can be extended where:

(1) The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2) The motion is based on new, retroactive Supreme Court law; § 2255(f)(3); or

(3) The inmate could not have discovered "the facts supporting the claim … through the exercise of due diligence."

§ 2255(f)(4). Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Construed liberally, the Motion seeks the benefit of a later one-year period under 28 U.S.C. § 2255(f)(3), *Rehaif*, and *Davis*. As noted above, § 2255(f)(3) permits defendants to seek habeas relief within one year after issuance of a new Supreme Court law that is retroactively applicable on collateral review. *Rehaif* was issued on June 21, 2019. *See Rehaif*, 139 S. Ct. at 2191. *Davis* was issued three days later on June 24, 2019. *See Rehaif*, 139 S. Ct. at 2319. Thus, the deadline to file a timely § 2255 claim under *Rehaif* and *Davis* expired no later than June of 2020.

Jensen's criminal judgment became final no later than March 28, 2018, after expiration of the 14-day appeal period. *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (conviction is final after the time for filing a direct appeal expires); *accord* Fed. R. App. P. 4(b)(1)(A) (notice of appeal in a defendant's criminal case must be filed within fourteen days after the entry of judgment). The federal docket reflects no discernable tolling activity during the next

year. The general § 2255 limitation period expired no later than March 28, 2019, and Jensen's § 2255 proceeding—filed in October of 2020—would normally be time-barred. Assuming § 2255(f)(3) applies, Jensen's Motion, filed October 26, 2020, would remain time-barred.

Alternatively, even if Jensen filed the Motion within one year after the Supreme Court issued *Rehaif* and *Davis,* no relief would be available based on those cases. "*Rehaif* has not been made retroactive by the Supreme Court or any Court of Appeals." *United States v. Scuderi*, 842 F. App'x 304, 305 (10th Cir. 2021). *See also In re Barela*, No. 20-2025 (10th Cir. March 31, 2020) (unpublished) (same). Moreover, Jensen's conviction complies with the requirements of *Rehaif*, which holds the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. In his Plea Agreement, Jensen states: "I knew I possessed a firearm *and* that I was prohibited from doing so. Prior to that day I had been convicted of a felony, that is a crime punishable by more than one year of imprisonment." CR ECF 41 (emphasis added).

As to *Davis*, the Supreme Court's ruling is wholly inapplicable to this case. *Davis* invalidated a definition of "crime of violence" in 18 U.S.C. § 924(c), which governs the use of a firearm during a violent crime. The Judgment in CR 16-2694 WJ/GJF does not implicate § 924(c); Jensen was convicted of possessing a firearm and ammunition as a felon in violation of §§ 922 and 924(a).

For these reasons, Jensen must file a response within thirty (30) days of entry of this ruling showing cause why his § 2255 Motion relating to CR 16-2694 WJ/GJF should not be dismissed as time-barred. Failure to timely comply or overcome the time-bar will result in dismissal of this habeas action without further notice.

Jensen also expressed some confusion regarding the status of this proceeding and requested certain documents. This opinion sets out the current status of the claims. As to the request for documents, the Clerks' Office will mail Jensen a courtesy copy of his criminal Judgment; Plea Agreement; and Sentencing Transcript in CR 16-cr-2694 WJ-GJF. Any other document requests must comply with the Local Civil Rules, which state a "person who requests that copies be mailed must" pay the statutory fee and "provide a pre-addressed, stamped envelope." N.M.L.R. 73.3. *See also* Habeas Corpus Rule 12 (noting the civil procedure rules may be applied to habeas proceedings, provided they are not inconsistent with the habeas rules). Jensen is cautioned that simply requesting more documents or claiming he cannot respond without more documents is insufficient to overcome the time-bar.

### III. CONCLUSION

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Jensen must file a response showing cause, if any, why his § 2255 Motion should not be dismissed as untimely.

**IT IS FURTHER ORDERED** that the Clerk's Office shall mail Jensen a copy of his Plea Agreement [CR ECF 41], Judgment [CR ECF 100], and Sentencing Transcript [CR ECF 104].

**SO ORDERED**.

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE